ALFRED A. MANSOUR, Judge Pro Tem.
Defendant appeals from a judgment of the trial court awarding plaintiff $30,657.32 plus judicial interest, court costs and attorney fees. We reverse.
On June 21,1983, plaintiff, James Noel, a real estate broker, obtained a listing agreement (styled “MARKETING AGREEMENT”) by which he was given the exclusive right to sell certain property of the defendant at an agreed brokerage fee of 10% of the sale price. The expiration date of the agreement was stated to be September 21, 1983.
Plaintiff was unable to secure a buyer for the property within the original term of the listing agreement and, shortly before the expiration date, he contacted Judson Ellender who was the operations manager for defendant’s Houma district. Mr. Noel requested a 90 day extension of the marketing agreement. After Mr. Ellender obtained authority from the president of the *1007 corporation to do so, he notified plaintiff to send the extension agreement to him for signing. Noel mailed to Ellender an agreement extending the term of the listing agreement from September 21, 1983, to December 21, 1983. After waiting some time, and not having received the extension agreement back from Ellender, he called him and was told that the extension agreement had not been received, or had been misplaced. Ellender told plaintiff to send him another one. On October 10, 1983, Noel instructed his secretary to prepare another extension agreement for transmission to Mr. Ellender, which she did. However, this agreement was dated October 10, 1983, and extended the listing to January 10, 1984. On October 13th Ellen-der signed, dated and returned this agreement to Noel. Later, Ellender found the first extension agreement (which extended the listing from September 21 to December 21, 1983), and he also signed that one and returned it to Noel.
On December 23, 1983, defendant transferred the property to another corporation. Plaintiff sued for a brokerage commission of 10% of the sale price and attorney fees which were provided for in the listing agreement. He contends that the October 10, 1983, extension agreement was still in effect at the date of the sale.
Both plaintiff and Ellender testified that it was their intention that the marketing agreement was to be extended for a period of 90 days beyond its expiration date of September 21, 1983. When plaintiff was being cross-examined by counsel for defendant the following colloquy took place:
Q. And you do agree, Mr. Noel, that of the two exhibits reflecting extensions, the one providing for a date September 21 to December 21 is the one which accurately represents the agreement reached between you and Mr. Ellender on September 21?
A. That’s right. (Tr. 127)
Ellender was also of the impression that the authority he received from his superiors was limited to an extension agreement of 90 days from the expiration of the original listing agreement.
The evidence convinces us that it was the intention of the parties that the original listing agreement would be extended 90 days beyond its expiration date. Therefore, the extension expired December 21, 1983, two days before the sale took place. Other than the later extension agreement, which was dated erroneously, we find nothing in the record to substantiate plaintiffs position.
In the interpretation of a contract the Court must determine the common intent of the parties. La.C.C. Art. 2045. Here, the intent of the parties was expressed , in the extension agreement which was first forwarded to Mr. Ellender. The doubt in a case of this nature must be interpreted against the party who furnished the contract. La.C.C. Art. 2056. And it must be interpreted against the obligee and in favor of the obligor. La.C.C. Art. 2057.
Furthermore, the original listing agreement had expired before October 10, 1983, therefore, there was no viable contract term to be extended on that date. We quote from 12 C.J.S. 115 (Brokers, Sec. 35) as follows:
“The agency of a broker whose employment is definitely limited by his contract generally continues for the time fixed in the contract, and terminates with the expiration of the time specified ... or unless the time is extended by another agreement executed within the time specified in the original contract.”
We hold that the extension agreement of October 10, 1983, was not in accord with the intentions of the parties, therefore, it was invalid at its inception. We further hold that the only valid extension agreement was that of September 21, 1983, which had expired before defendant sold the property. For that reason plaintiff is not entitled to any compensation resulting therefrom.
For the foregoing reasons the judgment of the trial court is reversed and plaintiff’s suit is ordered dismissed with prejudice. *1008 Costs in both courts are assessed against plaintiff-appellee.
REVERSED AND RENDERED.